**UNITED STATES of America,**

v.

**Cecilio RODRIGUEZ, Appellant.**

No. 02–1695.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Dec. 7, 2004.

Decided Feb. 3, 2005.

Pamela Foa, Office of United States Attorney, Philadelphia, PA, for Appellee.

Sandra A. Gafni, Philadelphia, PA, for Appellant.

Before AMBRO and VAN ANTWERPEN, Circuit Judges, and SHADUR, District Judge.*

OPINION

SHADUR, District Judge.

Cecilio Rodriguez ("Rodriguez"), pursuant to a written plea agreement, pleaded guilty to two counts of conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846 and one count of aiding and abetting distribution of heroin within 1,000 feet of a protected location in violation of 21 U.S.C. § 860 and 18 U.S.C. § 2. He was sentenced to 121 months' imprisonment, ten years of supervised release and a special assessment of $300. Rodriguez now appeals that conviction and sentence.

Following a review of the record and relevant caselaw, Rodriguez's appointed counsel Sandra Gafni has moved to withdraw pursuant to the well-known teaching of *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967):

> Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal.

In turn, this Circuit's Local Appellate Rule ("LAR") 109.2(a) implements the *Anders* command. With the briefs called for by that rule having been submitted,[1] we engage in a twofold inquiry (*United States v. Youla*, 241 F.3d 296, 300 (3d Cir.2001)):

> (1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues.

Attorney Gafni has fulfilled LAR 109.2(a)'s requirements. First her brief correctly observes that *United States v. Broce*, 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989) limits the claims a defendant convicted pursuant to a plea of guilty may bring to those attacking (1) the jurisdiction of the court accepting the plea, (2) the validity of the plea as judged by applicable constitutional and statutory standards and (3) the legality of the sentence. Next attorney Gafni identifies these as Rodriguez's only potential claims (in addition to providing references to the relevant record excerpts in the joint appendix):

> 1. as to jurisdiction, the sufficiency of the superseding indictment in setting forth all of the essential elements of the charged offenses;

> 2. as to the validity of the guilty plea, its compliance with the standards of *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) and Fed.R.Crim.P. 11; and

> 3. as to the legality of the sentence, its conformity to 21 U.S.C. §§ 846 and 860 and 18 U.S.C. § 2 and (assuming their applicability) to the United States Sentencing Guidelines.

---

* Honorable Milton I. Shadur, United States District Judge for the Northern District of Illinois, sitting by designation.

1. Although Rodriguez was advised, as LAR 109.2(a) requires, of his right to file a pro se brief, he has not submitted anything on his own behalf.

Finally, the *Anders* brief has considered those excerpts and the relevant caselaw and has spelled out why none of the potential claims has merit here. We conclude that Gafni has both "thoroughly scoured the record in search of appealable issues" and "explain[ed] why those issues are frivolous" (*United States v. Marvin*, 211 F.3d 778, 780 (3d Cir.2000), citing *United States v. Tabb*, 125 F.3d 583, 585 (7th Cir.1997)).

Because counsel thus fulfilled her *Anders* obligations, our own review of the record is guided by the *Anders* brief itself (*Youla*, 241 F.3d at 301, approving the standard announced in *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir.1996)). In that respect, the only matter that calls for specific mention is the potential effect or lack of effect of the recent opinions of the United States Supreme Court in *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) which have expressly been declared applicable to cases (such as this one) currently on appeal (*id.* at 769).

On that score, Rodriguez' factual acknowledgments in his guilty plea satisfy the constitutional requirement set out in Justice Stevens' majority opinion for the Court (requiring either a jury verdict or a defendant's admissions, rather than a judicial determination, on matters that would enhance the sentence beyond the Guidelines maximum). Only one of those acknowledgments needs discussion: Rodriguez' admission that he was a "leader or organizer" of the drug conspiracy to which he pleaded guilty, so that an adjustment of up to 4 levels was permissible. With that fact having been admitted, *Booker* does not call for a jury decision as to the specific extent of the upward adjustment, which the district judge permissibly set at 3 rather than 4 levels, after which he permissibly granted a downward Guidelines departure of 4 levels and imposed a sentence at the low end of the resulting offense level range. All of that being true, Rodriguez' sentence of 120 months' imprisonment was both legal and reasonable.

After independently reviewing the portions of the record to which the *Anders* brief refers, we therefore agree that there are no nonfrivolous issues for appeal. Accordingly, we GRANT counsel's motion to withdraw and AFFIRM Rodriguez's conviction and sentence.